**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| HOWARD R.J. COLE, | : | Case No. 2:22-cv-4065 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| GULFPORT ENERGY CORPORATION; | : | |
| GULFPORT APPALCHIA, LLC; | : | |
| PATTERSON-UTI DRILLING COMPANY, | : | |
| LLC; PATTERSON-UTI ENERGY, INC.; | : | |
| CUDD PRESSURE CONTROL, INC.: | : | |
| NEXTIER OILFIELD SOLUTIONS INC.; | : | |
| and NINE ENERGY SERVICE, LLC, | : | |
| | : | |
| Defendants. | : | |

## NOTICE OF REMOVAL

Defendants Gulfport Energy Corporation and Gulfport Appalchia, LLC (collectively, the "Gulfport Defendants") file this Notice of Removal to the United States District Court for the Southern District of Ohio, Eastern Division, pursuant to 28 U.S.C. 28 U.S.C. §§ 1332, 1441, and 1446, and in support thereof states as follows:

1.      On or around October 21, 2022, Plaintiff Howard R.J. Cole ("Plaintiff") commenced this civil action against the Gulfport Defendants and Co-Defendants Patterson-UTI Drilling Company, LLC, Patterson-UTI Energy, Inc., Cudd Pressure Control, Inc., NexTier Oilfield Solutions, Inc., and Nine Energy Service, LLC by filing a Complaint in the Common Pleas Court of Belmont County, Ohio at Case No. 22-cv-293. A copy of the Complaint is attached hereto as Exhibit A.

2.      Plaintiff's Complaint asserts civil claims against defendants in connection with personal injuries allegedly sustained at an oil and gas well site located in Jacobsburg, Belmont County, Ohio.

3.      Plaintiff is now and was at the time the state action was commenced a citizen of the Commonwealth of Pennsylvania. **Complaint, Ex. A at ¶ 1**.

4.      Defendant Gulfport Energy Corporation is now and was at the time the state action was commenced a corporation incorporated under the laws of Delaware, having its principal place of business in Oklahoma City, Oklahoma. **Complaint, Ex. A at ¶ 2**. A limited liability company has the citizenship of each of its members. *See Delay v. Rosenthal Collins Grp., LLC,* 585 F.3d 1003, 1005 (6th Cir. 2009). The sole member of Gulfport Appalachia, LLC is Gulfport Energy Corporation. The Gulfport Defendants, via certified mail on their registered agent, were served with the Complaint on October 25, 2022.

5.      Co-Defendant Patterson-UTI Energy, Inc. is now and was at the time the state action was commenced a corporation incorporated under the laws of Texas, having its principal place of business in Houston, Texas. **Complaint, Ex. A at ¶¶ 4-5**. The sole member of Patterson-UTI Drilling Company, LLC is Patterson-UTI Energy, Inc. The Patterson Co-Defendants, via certified mail on their registered agent, were served with the Complaint on October 28, 2022.

6.      Co-Defendant Nine Energy Services LLC is now and was at the time the state action was commenced a limited liability company organized under the laws of Texas whose sole member is Nine Energy Services, Inc., a Delaware corporation with its principal place of business in Texas. Co-Defendant Nine Energy Services LLC, via certified mail on its registered agent, was served with the Complaint on October 25, 2022.

7.     Co-Defendant Cudd Pressure Control, Inc. is now and was at the time the state action was commenced a corporation incorporated under the laws of Delaware, having its principal place of business in Atlanta, Georgia. **Complaint, Ex. A at ¶ 6**. Co-Defendant Cudd Pressure Control, Inc., via certified mail on its registered agent, was served with the Complaint on November 10, 2022.

8.     Upon information and belief, the amount in controversy in this case exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a). Though Plaintiff's Complaint is silent as to the particular amount in controversy, other than being "in excess of $25,000.00," it is apparent that the amount in controversy exceeds the minimum jurisdictional amount. Plaintiff specifically seeks recovery for past and future medical expenses, severe and disabling permanent injuries, pain and suffering, psychological anguish, and lost wages and earning capacity. **Complaint, Ex. A at ¶¶ 26, 38, 41**. These allegations are similar to others that have been found to satisfy the amount-in-controversy requirement. *See, e.g., Gebbia v. Wal-Mart Stores,* 233 F.3d 880, 883 (5th Cir. 2000) (alleged damages of "medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement" satisfied the jurisdictional amount); *Monvoy v. Continental Airlines, Inc.,* No. 2:09-CV-072, 2009 U.S. Dist. LEXIS 55649, at *2, *5-*7 (S.D. Ohio June 12, 2009) (jurisdictional amount satisfied where plaintiffs alleged "permanent physical injuries; pain and suffering and attendant emotional distress; and past and future hospital and medical expenses"). Thus, the Gulfport Defendants have satisfied their burden of demonstrating that the amount in controversy "more likely than not" exceeds $ 75,000.00. *Everett v. Verizon Wireless, Inc.,* 460 F.3d 818, 822 (6th Cir. 2006).

9.     Accordingly, because the diversity of citizenship and amount in controversy requirements are met, this action is removable to this Court pursuant to 28 U.S.C. § 1441(a).

10.     Pursuant to 28 U.S.C. § 1446(b)(2)(a), the Patterson Co-Defendants and Co-Defendants Nine Energy Services LLC and Cudd Pressure Control, Inc. consent to the removal of this action. **Patterson Joinder to Removal, Ex. B; Nine Energy Services LLC Joinder to Removal, Ex. C; Cudd Pressure Control, Inc. Consent to Removal, Ex. D**.

11.     Upon information and belief, Co-Defendant NexTier Oilfield Solutions, Inc. has not been served with Plaintiff's Complaint as of the filing of this Notice of Removal, and therefore, its consent is not required. *See White v. Medtronic, Inc.*, 808 F. App'x 290, 292 (6th Cir. 2020) (Consent of all defendants is not required when the non-consenting defendant "has not been served with service of process at the time the removal petition is filed.") (internal citations omitted).

12.     This Notice of Removal is being filed within thirty (30) days after the receipt by the Gulfport Defendants of the Complaint.

13.     Belmont County, Ohio, is within the territorial jurisdiction of the United States District Court for the Southern District of Ohio, Eastern Division.

14.     Pursuant to 28 U.S.C. § 1446(d), the Gulfport Defendants have served, or will promptly serve, written notice of the filing of this Notice of Removal upon Plaintiff's counsel, and will file a copy of the Notice of Removal, along with a Notice of Filing of Notice of Removal, in the Court of Common Pleas, Belmont County, Ohio, Case No. 22 CV 293.

15.     Copies of the pleadings, process, orders, and all other papers served upon the Gulfport Defendants in this action, namely Plaintiff's Complaint, are attached as Exhibit A.

16.     By filing this Notice of Removal, the removing and consenting Defendants do not waive any defense to the claims asserted by Plaintiff, which may be available to them, and do not concede that Plaintiff has pled any claims upon which relief can be granted.

17.     Because the amount in controversy exceeds the sum of seventy-five thousand ($75,000.00), exclusive of interest and costs, and is between citizens of different states, the within action may, therefore, be removed to this United States District Court pursuant to 28 U.S.C. 28 U.S.C. §§ 1332, 1441, and 1446. Venue lies in the Southern District of Ohio, Eastern Division, pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

WHEREFORE, this action should proceed in the United States District Court for the Southern District of Ohio, Eastern Division, as an action properly removed thereto.

Respectfully submitted,

/s/ *Andrew N. Schock*
Andrew N. Schock (#0087998), *Trial Attorney*
JACKSON KELLY PLLC
50 South Main Street, Suite 201
Akron, Ohio 44308
Telephone: (330) 252-9060
Facsimile: (330) 252-9078
E-mail: anschock@jacksonkelly.com

*Attorneys for Defendants Gulfport Energy*
*Corporation and Gulfport Appalachia, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing *Notice of Removal* was served

upon the following counsel of record via U.S. Mail on this 17th day of November, 2022.


Kevin M. Pearl, Esquire
FRANKOVITCH, ANETAKIS,
SIMON, DECAPIO & PEARL, LLP
337 Penco Road
Weirton, WV 26062

*Counsel for Plaintiff*

Paul J. Schumacher, Esquire
Dickie McCamey & Chilcote, P.C.
600 Superior Avenue East, Suite 2330
Cleveland, OH 44114-2614

*Attorneys for Defendants Patterson-UTI Energy, Inc.*
*and Patterson-UTI Drilling Company, LLC*

Jonathan W. Philipp,  Esquire
The Law Office of Jonathan W. Phillip
1299 Zurich Way, Ste 150
Schaumburg, IL 60196

*Attorney for Defendant Nine Energy Service, LLC*

NexTier Oilfield Solutions, Inc.
990 Rogerdale Rd
Houston, TX 77042-5142

Cudd Pressure Control, Inc.
2170 Piedmont Road, N.E.
Atlanta, GA 30324

/s/ *Andrew N. Schock*
Andrew N. Schock, Esquire