## 22 CV 0293 Cole, Howard RJ VS. Gulfport Energy Corporation JAV

- Case Type:
- Civil
- Case Status:
- Open
- File Date
- 10/21/2022
- Case Judge:
- Vavra, John A
- Next Event:

All Information  Party  Service Records  Docket  Financial  Receipt  Disposition

### Party Information

**Cole, Howard RJ**
- Plaintiff

- DOB
  ○

  - Address
  ○ 403 Virginia Avenue
    Ambridge, PA  15003

Alias

**Party Attorney**
- Attorney
- Pearl, Kevin M
- Address
- Phone

**Gulfport Energy Corporation**
- Defendant

- DOB
  ○

  - Address
  ○ Corporation Service Company
    3366 Riverside Drive Ste 103
    Upper Arlington, OH  43221

Alias

**Party Attorney**

**Gulfport Appalachia LLC**
- Defendant

- DOB
  ○

  - Address
  ○ Corporation Service Company
    3366 Riverside Dr Suite 103
    Upper Arlington, OH  43221

Alias

**Party Attorney**

**Patterson-UTI Drilling Company LLC**
- Defendant

EXHIBIT "A"

- DOB
  - o

- Address
  - o Capitol Corporate Services Inc
    4568 Mayfield Rd Suite 204
    Cleveland, OH 44121

Alias

Party Attorney

**Patterson-UTI Energy Inc**
- Defendant

- DOB
  - o

- Address
  - o 10713 West Sam Houston Parkway North
    Suite 800
    Houston, TX 77064

Alias

Party Attorney

**Cudd Pressure Control Inc**
- Defendant

- DOB
  - o

- Address
  - o Corporation Service Company
    50 West Broad Street
    Suite 1330
    Columbus, OH 43215

Alias

Party Attorney

**Nextier Oilfield Solutions Inc**
- Defendant

- DOB
  - o

- Address
  - o 3990 Rogerdale Road
    Houston, TX 77042

Alias

Party Attorney

**Nine Energy Service LLC**
- Defendant

- DOB
  - o

- Address
  - o CT Corporation System
    4400 Easton Commons Way Suite 125
    Columbus, OH 43219

Alias

Party Attorney

## Service Records

| Issue Date | Party Served | Method | Service Date |
|---|---|---|---|

| Issue Date | Party Served | Method | Service Date |
|---|---|---|---|
| 10/21/2022 | Nine Energy Service LLC<br>CT Corporation System<br>4400 Easton Commons Way Suite 125<br>Columbus, OH 43219 | Certified Mail | |
| 10/21/2022 | Nextier Oilfield Solutions Inc<br>3990 Rogerdale Road<br>Houston, TX 77042 | Certified Mail | |
| 10/21/2022 | Cudd Pressure Control Inc<br>Corporation Service Company<br>50 West Broad Street<br>Suite 1330<br>Columbus, OH 43215 | Certified Mail | 11/10/2022 |
| 10/21/2022 | Patterson-UTI Energy Inc<br>10713 West Sam Houston Parkway North<br>Suite 800<br>Houston, TX 77064 | Certified Mail | 10/28/2022 |
| 10/21/2022 | Patterson-UTI Drilling Company LLC<br>Capitol Corporate Services Inc<br>4568 Mayfield Rd Suite 204<br>Cleveland, OH 44121 | Certified Mail | 10/28/2022 |
| 10/21/2022 | Gulfport Appalachia LLC<br>Corporation Service Company<br>3366 Riverside Dr Suite 103<br>Upper Arlington, OH 43221 | Certified Mail | 10/25/2022 |
| 10/21/2022 | Gulfport Energy Corporation<br>Corporation Service Company<br>3366 Riverside Drive Ste 103<br>Upper Arlington, OH 43221 | Certified Mail | 10/25/2022 |

## Docket Information

| Date | Docket Text | Amount Owed | Amount Due |
|---|---|---|---|
| 10/21/2022 | Complaint Action For Personal Injury Instructions To The Clerk filed. Receipt: 209252 Date: 10/21/2022 | $92.00 | $0.00 |
| 10/21/2022 | Deposit-$133 Receipt: 209252 Date: 10/21/2022 | $133.00 | $0.00 |
| 10/21/2022 | Deposit | $40.00 | $0.00 |
| 10/21/2022 | Case Initiation Fees | $57.00 | $57.00 |

| Date | Docket Text | Amount Owed | Amount Due |
|------|-------------|-------------|------------|
| 10/21/2022 | Certified Mail-CP<br>Issue Date: 10/21/2022<br>Service: SUMCOMMP Summons on Complaint for Multiple Parties<br>Method: Certified Mail<br>Cost Per: 8.0000 | $56.00 | $56.00 |
| | Gulfport Energy Corporation<br>DEFAULT ADDRESS<br>Corporation Service Company<br>3366 Riverside Drive Ste 103<br>Upper Arlington, OH  43221<br>Tracking Number: 71603901984042801401 | | |
| | Gulfport Appalachia LLC<br>DEFAULT ADDRESS<br>Corporation Service Company<br>3366 Riverside Dr Suite 103<br>Upper Arlington, OH  43221<br>Tracking Number: 71603901984042801402 | | |
| | Patterson-UTI Drilling Company LLC<br>DEFAULT ADDRESS<br>Capitol Corporate Services Inc<br>4568 Mayfield Rd Suite 204<br>Cleveland, OH  44121<br>Tracking Number: 71603901984042801403 | | |
| | Patterson-UTI Energy Inc<br>DEFAULT ADDRESS<br>10713 West Sam Houston Parkway North<br>Suite 800<br>Houston, TX  77064<br>Tracking Number: 71603901984042801404 | | |
| | Cudd Pressure Control Inc<br>DEFAULT ADDRESS<br>Corporation Service Company<br>50 West Broad Street<br>Suite 1330<br>Columbus, OH  43215<br>Tracking Number: 71603901984042801405 | | |
| | Nextier Oilfield Solutions Inc<br>DEFAULT ADDRESS<br>3990 Rogerdale Road<br>Houston, TX  77042<br>Tracking Number: 71603901984042801406 | | |
| | Nine Energy Service LLC<br>DEFAULT ADDRESS<br>CT Corporation System<br>4400 Easton Commons Way Suite 125<br>Columbus, OH  43219<br>Tracking Number: 71603901984042801407 | | |
| 10/21/2022 | Summons on Complaint | $35.00 | $35.00 |
| | Summons on Complaint for Multiple Parties<br>Sent On:  10/21/2022 10:50:28 | | |

| Date | Docket Text | Amount Owed | Amount Due |
|------|-------------|-------------|------------|
| 10/27/2022 | Return Receipt<br>Method : Certified Mail<br>Issued : 10/21/2022<br>Service : SUMCOMMP Summons on Complaint for Multiple Parties<br>Served : 10/25/2022<br>Return : 10/27/2022<br>on : Gulfport Appalachia LLC<br>Signed By : Corporation Service Company Amy E Kuhlman, Agent<br>Reason : Successful (CP)<br>Comment :<br>Tracking #: 71603901984042801402 | | |
| 10/27/2022 | Return Receipt<br>Method : Certified Mail<br>Issued : 10/21/2022<br>Service : SUMCOMMP Summons on Complaint for Multiple Parties<br>Served : 10/25/2022<br>Return : 10/27/2022<br>on : Gulfport Energy Corporation<br>Signed By : Corporation Service Company Amy E Kuhlman, Agent<br>Reason : Successful (CP)<br>Comment :<br>Tracking #: 71603901984042801401 | | |
| 10/27/2022 | Return Receipt<br>Method : Certified Mail<br>Issued : 10/21/2022<br>Service : SUMCOMMP Summons on Complaint for Multiple Parties<br>Served :<br>Return : 10/27/2022<br>on : Nine Energy Service LLC<br>Signed By : Daniel D Kelley<br>Reason : Successful (CP)<br>Comment :<br>Tracking #: 71603901984042801407 | | |
| 10/31/2022 | Return Receipt<br>Method : Certified Mail<br>Issued : 10/21/2022<br>Service : SUMCOMMP Summons on Complaint for Multiple Parties<br>Served : 10/28/2022<br>Return : 10/31/2022<br>on : Patterson-UTI Drilling Company LLC<br>Signed By :<br>Reason : Successful (CP)<br>Comment :<br>Tracking #: 71603901984042801403 | | |
| 10/31/2022 | Return Receipt<br>Method : Certified Mail<br>Issued : 10/21/2022<br>Service : SUMCOMMP Summons on Complaint for Multiple Parties<br>Served :<br>Return : 10/31/2022<br>on : Nextier Oilfield Solutions Inc<br>Signed By : No Signature<br>Reason : Successful (CP)<br>Comment :<br>Tracking #: 71603901984042801406 | | |

| Date | Docket Text | | Amount Owed | Amount Due |
|------|-------------|--|-------------|------------|
| 11/08/2022 | Return Receipt<br>Method : Certified Mail<br>Issued : 10/21/2022<br>Service : SUMCOMMP Summons on Complaint for Multiple Parties<br>Served : 10/28/2022<br>Return : 11/08/2022<br>on : Patterson-UTI Energy Inc<br>Signed By : Vangie Byer<br>Reason : Successful (CP)<br>Comment :<br>Tracking #: 71603901984042801404 | | | |
| 11/10/2022 | Notice of Appearance of Counsel for Defendant Nine Energy Service, LLC and Certificate of Service filed.<br><br>Attorney: Philipp, Jonathan W | | | |
| 11/15/2022 | Return Receipt<br>Method : Certified Mail<br>Issued : 10/21/2022<br>Service : SUMCOMMP Summons on Complaint for Multiple Parties<br>Served : 11/10/2022<br>Return : 11/15/2022<br>on : Cudd Pressure Control Inc<br>Signed By : Corporation Service Company Amy E Kuhlman, Agent<br>Reason : Successful (CP)<br>Comment :<br>Tracking #: 71603901984042801405 | | | |

## Financial Summary

| Cost Type | Amount Owed | Amount Paid | Amount Adjusted | Amount Outstanding |
|-----------|-------------|-------------|-----------------|--------------------|
| Cost | $240.00 | $92.00 | $0.00 | $148.00 |
| | $240.00 | $92.00 | $0.00 | $148.00 |

- Money on Hold with the Court

| Account | Amount Owed | Amount Paid | Amount Adjusted | Amount Outstanding |
|---------|-------------|-------------|-----------------|--------------------|
| Deposit/Holding | $173.00 | $173.00 | $0.00 | $0.00 |
| | $173.00 | $173.00 | $0.00 | $0.00 |

- Money on Deposit

| Account | Deposit Amount | Applied Amount | Checks Paid | Balance |
|---------|----------------|----------------|-------------|---------|
| CP- Deposits Received | $173.00 | $0.00 | $0.00 | $173.00 |
| | $173.00 | $0.00 | $0.00 | $173.00 |

## Receipts

| Receipt Number | Receipt Date | Received From | Payment Amount |
|----------------|--------------|---------------|----------------|
| | | | $265.00 |

| Receipt Number | Receipt Date | Received From | Payment Amount |
|---|---|---|---|
| 209252 | 10/21/2022 | Pearl, Kevin M | $265.00 |
| | | | $265.00 |

## Case Disposition

| Disposition | Date | Case Judge |
|---|---|---|
| Undisposed | | Vavra, John A |

## IN THE COMMON PLEAS COURT OF BELMONT COUNTY, OHIO

COMMON PLEAS COURT
BELMONT CO. OH

HOWARD R.J COLE,
403 Virginia Avenue
Ambridge, PA 15003

                    Plaintiff

vs.

GULFPORT ENERGY CORPORATION
Corporation Service Company
3366 Riverside Drive, Suite 103
Upper Arlington, OH 43221

GULFPORT APPALACHIA, LLC
Corporation Service Company
3366 Riverside Drive, Suite 103
Upper Arlington, OH 43221

PATTERSON-UTI DRILLING
COMPANY, LLC
Capitol Corporate Services, Inc.
4568 Mayfield Rd., Suite 204
Cleveland, OH 44121

PATTERSON-UTI ENERGY, INC.
10713 West Sam Houston Parkway North
Suite 800
Houston, TX 77064

Cudd PRESSURE CONTROL, INC.
Corporation Service Company
50 West Broad Street, Suite 1330
Columbus, OH 43215

NEXTIER OILFIELD SOLUTIONS INC.
3990 Rogerdale Road
Houston, TX 77042

NINE ENERGY SERVICE, LLC
CT Corporation System
4400 Easton Commons Way, Suite 125
Columbus OH 43219

                    Defendants

2022 OCT 21   AM 9:45

CYNTHIA L. FREGIATO
CLERK OF COURT

CASE NO. 22CV293

**COMPLAINT- ACTION FOR
PERSONAL INJURY**

John A. Vavra

State of Ohio
Belmont County
Cynthia L. Fregiato, Clerk of Courts, do
hereby certify that the above is a true
and correct copy of the original on file
In this office.

Cynthia L. Fregiato, Clerk of Courts
By _____ Deputy

COMES NOW the Plaintiff, Howard R.J. Cole, by and through his undersigned counsel, and for his Complaint against the Defendants, Gulfport Energy Corporation, Gulfport Appalachia, LLC, Patterson-UTI Drilling Company LLC, Patterson-UTI Energy, Inc., Cudd Pressure Control, Inc., NexTier Oilfield Solutions Inc., and Nine Energy Service, LLC, states and avers as follows:

## GENERAL ALLEGATIONS

1.    The Plaintiff, Howard R.J. Cole is a citizen and resident of Ambridge, Beaver County, Pennsylvania.

2.    Upon information and belief, the Defendant, Gulfport Energy Corporation (hereinafter "Gulfport Energy"), is a Delaware corporation licensed to do business in the State of Ohio, with its principal place of business in Oklahoma City, Oklahoma, and at all times relevant herein was conducting and transacting business in Belmont County, Ohio.

3.    Upon information and belief, the Defendant, Gulfport Appalachia, LLC (hereinafter "Gulfport Appalachia"), is a Delaware limited liability company licensed to do business in the State of Ohio, with its principal place of business in Oklahoma City, Oklahoma, and at all times relevant herein was conducting and transacting business in Belmont County, Ohio.

4.    Upon information and belief, Defendant, Patterson-UTI Drilling Company, LLC (hereinafter "Patterson Drilling"), is a Texas limited liability company licensed to do business in the State of Ohio, and at all times relevant herein, was conducting and transacting business in Belmont County, Ohio.

5.    Upon information and belief, Defendant, Patterson-UTI Energy, Inc. (hereinafter "Patterson Energy"), is a Texas corporation not licensed to conduct business in the State of Ohio,

2

is the parent company of the Defendant, Patterson Drilling, and at all times relevant herein, was conducting and transacting business in Belmont County, Ohio.

6.      Upon information and belief, the Defendant, Cudd Pressure Control, Inc. (hereinafter "Cudd"), is a Delaware corporation licensed to do business in the State of Ohio with its principal place of business located in Atlanta, Georgia, and at all times relevant herein, was conducting and transacting business in Belmont County, Ohio.

7.      Upon information and belief, the Defendant, NexTier Oilfield Solutions Inc. (hereinafter "NexTier"), is a Delaware corporation not licensed to conduct business in the State of Ohio, with its principal place of business in Houston, Texas, and at all times relevant herein, was conducting and transacting business in Belmont County, Ohio.

8.      Upon information and belief, the Defendant, Nine Energy Service, LLC (hereinafter "Nine Energy"), is a Delaware limited liability company licensed to do business in the State of Ohio, with its principal place of business in Houston, Texas, and at all times relevant herein, was conducting and transacting business in Belmont County, Ohio.

FACTS

9.      At all times relevant herein, the Plaintiff, Howard R.J. Cole, acted reasonably, safely, cautiously, and without negligence.

10.     Upon information and belief, at all times relevant herein, the Defendants, Gulfport Energy and/or Gulfport Appalachia, were the operators of a well pad located in Jacobsburg, Belmont County, Ohio (hereinafter the "Well Pad").

11.     Upon information and belief, at all times relevant herein, the Defendants, Patterson Drilling and/or Patterson Energy, were the entities responsible for drilling activities on the Well Pad.

3

12.    Upon information and belief, at all times relevant herein, Defendants, Gulfport Energy and/or Gulfport Appalachia, were responsible for the operation and maintenance of the Well Pad and directed and/or controlled all contractors and subcontractors performing services at the Well Pad.

13.    Upon information and belief, at the time of the incident at issue in this matter, the Defendants, Gulfport Energy and/or Gulfport Appalachia, were renting Oil Rig #296 from Defendants, Patterson Drilling and/or Patterson Energy, to assist in operations at the time of the incident at issue in the matter.

14.    Upon information and belief, at the time of the incident at issue in this matter, the Plaintiff, Howard R.J. Cole, was an employee of the Defendant, Patterson Drilling, and was employed in the capacity of a "floor hand" on the Well Pad.

15.    Upon information and belief, at the time of the incident at issue in this matter, the Defendant, Cudd, was a subcontractor employed by one or more of the Defendants, Gulfport Energy, Gulfport Appalachia, Patterson Drilling, and/or Patterson Energy, due to issues involving the drill string on the Well Pad, and more particularly, that the drill string had become lodged within the well.

16.    Upon information and belief, at the time of the incident at issue in this matter, the Defendant, NexTier, was a subcontractor employed by one or more of the Defendants, Gulfport Energy, Gulfport Appalachia, Patterson Drilling, and/or Patterson Energy, and more particularly, the Defendant, NexTier, was pumping mud into the well in connection with the issues involving the drill string.

17.    Upon information and belief, at the time of the incident at issue in this matter, the Defendant, Nine Energy, was a subcontractor employed by one or more of the Defendants, Gulfport

4

Energy, Gulfport Appalachia, Patterson Drilling, and/or Patterson Energy, and more particularly, the Defendant, Nine Energy, was a wire line contractor brought onto the Well Pad in order to try to break the drill string loose.

18.    Upon information and belief, at the time of the incident at issue in this matter, Defendant, Cudd, had complete control of all operations being undertaken on the Well Pad, and was directing all subcontractors on the site as well as the employees of all other Defendants in the attempts to free up the drill string.

19.    On or about October 21, 2021, Plaintiff was employed by, and working in the course of his employment for Patterson Drilling at Oil Rig #296, located at or near Shepherd Hill Road in Jacobsburg, Belmont County, Ohio.

20.    At the aforementioned time and place, the Plaintiff and his co-worker were directed to the well floor in order to soft break the connection between the TIW valve and the drill string in connection with the operations to free the drill string.

21.    Upon information and belief, prior to the Plaintiff and his co-worker being directed to the well floor, one or more of the Defendants, Gulfport Energy Corporation, Gulfport Appalachia, Patterson Drilling, Patterson Energy, Cudd, NexTier, and/or Nine Energy, had caused or allowed pressure to build inside the well, and had failed to open the inside blowout preventer (I-BOP) valve so the well was under pressure and subject to "kick."

22.    Immediately after soft breaking the connection between the TIW valve and the drill string, the Plaintiff and his co-worker were directed to obtain a mud bucket in order to catch the well mud that would be expelled when the TIW valve was disconnected from the drill string.

23.    Upon information and belief, one or more of the Defendants, Gulfport Energy Corporation, Gulfport Appalachia, Patterson Drilling, Patterson Energy, Cudd, NexTier, and/or

5

Nine Energy, failed to have the appropriate mud bucket available for use, and the mud bucket present on the work site was too large.

24.     As a result of the inappropriately sized mud bucket, the Plaintiff and his co-worker were forced to work in tandem to hold the mud bucket while the driller attempted to unscrew the TIW valve from the drill string, rather than simply putting the mud bucket in place and removing themselves from the well floor.

25.     While the Plaintiff and his co-worker were holding the mud bucket and the drill was being operated, there was an explosion that threw the Plaintiff and his coworker approximately 20 to 30 feet from the well floor.

26.     As a result of the explosion the Plaintiff was coated in oil-based mud, and suffered severe and disabling personal injuries, including injuries which are permanent in nature.

## COUNT I
### Patterson Drilling – Employer Intentional Tort

27.     The Plaintiff hereby incorporates by reference paragraphs 1 through 26 of this Complaint as if fully set forth herein.

28.     At all times relevant herein, the Defendant, Patterson Drilling, was required to comply with applicable regulations promulgated by Occupational Safety and Health Administration ("OSHA"); Ohio labor and industry laws and regulations; federal and state statutes, rules, and/or regulations; and industry standards.

29.     At all times relevant herein, the Defendant, Patterson Drilling, had a duty to furnish a workplace free of recognized hazards, administer proper training to the workers on the Well Pad, perform appropriate Job Safety Analyses (JSA) and/or hazard assessments, ensure the safe operating condition of the equipment, ensure that proper equipment was available for use of the Plaintiff and others, and ensure that the proper guards of the equipment were installed and used.

6

30. On or about October 21, 2021, the Defendant, Patterson Drilling, improperly maintained the equipment on the worksite by failing to have an appropriate mud bucket available and/or requiring the Plaintiff to utilize an inappropriate mud bucket, which equates to requiring the equipment to be used without the proper guards and safety precautions.

31. On or about October 21, 2021, the Defendant, Patterson Drilling, improperly maintained the equipment on the worksite by failing to have any equipment available to inform the Plaintiff and other workers that the I-BOP valve was closed and that the well was under pressure.

32. On or about October 21, 2021, the Defendant, Patterson Drilling, failed to properly train the Plaintiff regarding safety and the recognition and avoidance of hazards associated with the use of an improper mud bucket, working on the well floor, and/or recognition of hazards presented by a well under pressure.

33. On or about October 21, 2021, the Defendant, Patterson Drilling, failed to perform an appropriate Job Safety Analysis (JSA) and/or hazard assessment for the work being performed by the Plaintiff and failed to identify safety hazards associated with the use of an improper mud bucket and identification of whether the I-BOP valve was open or closed.

34. On or about October 21, 2021, the Defendant, Patterson Drilling, failed to properly furnish the Plaintiff with a workplace free of recognized hazards.

35. The actions of Defendant, Patterson Drilling, violated Occupational Safety and Health Administration standards and regulations, including, but not limited to, 29 CFR § 1917.151 and violated Ohio labor and industry laws and regulations, including, but not limited to, Ohio Revised Code §§4101.11, *et seq.*, and violated industry standards.

7

36.　At all times relevant herein, the Defendant, Patterson Drilling, owed a duty to Howard R.J. Cole, which included, without limitation:

    a.　The duty to provide Howard R.J. Cole with a reasonably safe place to work;

    b.　The duty to comply with all applicable OSHA and Ohio labor and industry laws and regulations and industry standards;

    c.　The duty to properly train Howard R.J. Cole;

    d.　The duty to perform a Job Safety Analysis (JSA) and/or job hazard assessment for the work being performed by Howard R.J. Cole on October 21, 2021;

    e.　The duty to ensure the safe operating condition of all equipment;

    f.　The duty to ensure that the proper equipment was available for the operations being undertaken;

    g.　The duty to ensure the equipment's safeguards were used, were in operation, and were the proper guards;

    h.　The duty to use due care generally; and

    i.　Other acts and omissions both known and unknown to Plaintiff.

37.　On or before October 21, 2021, Patterson Drilling, by and through its agents, servants, representatives breached its duty to Howard R.J. Cole by, but not limited to:

    a.　Failing to provide Howard R.J. Cole with a reasonably safe place of work;

    b.　Failing to perform a Job Safety Analysis (JSA) and/or job hazard assessment for the work being performed by Howard R.J. Cole on October 21, 2021;

    c.　Failing to comply with all applicable OSHA and Ohio labor and industry laws and regulations;

    d.　Failing to ensure the safety of the equipment;

8

e. Failing to ensure that the proper equipment was available for the operations being undertaken

f. Failing to correct the hazardous condition of the equipment by not using the proper safety guards, thereby allowing a dangerous condition to exist and jeopardizing the safety of the Plaintiff and others;

g. Failing to properly train Howard R.J. Cole regarding the operation of the equipment and in the recognition and avoidance of operation hazards;

h. Failing to use due care generally; and

i. Other acts and omissions both known and unknown to Plaintiff.

38.    At the aforementioned time and place, and as a direct and proximate result of Defendant Patterson Drilling's conduct, an explosion occurred, causing bodily injury to the Plaintiff.

39.    The actions, omissions, and conduct of Patterson Drilling as set forth herein, were committed with the intent to injure Howard R.J. Cole and/or with the knowledge that injury was substantially certain to occur, and the lack of appropriate machine guarding creates a presumption that the Defendant intended to injure the Plaintiff.

40.    The conduct of Patterson Drilling, as set forth herein, constitutes a violation of Ohio Revised Code § 2745.01(c).

41.    As a direct and proximate result of the conduct of Defendant, Patterson Drilling, Plaintiff , Howard R.J. Cole, sustained severe and disabling personal injuries of a permanent nature, was forced to seek medical treatment and incur medical expenses, has incurred and will in the future incur pain and suffering, mental and psychological anguish, aggravation,

9

inconvenience, lost wages and earning capacity, loss of the enjoyment of life, loss of the ability to function, and past and future medical and other expenses.

## COUNT II
### Patterson Energy - Ohio Revised Code §§4101.10, *et seq.*

42.     The Plaintiff hereby incorporates by reference paragraphs 1 through 41 of this Complaint as if fully set forth herein.

43.     At all times relevant, the Plaintiff, Howard R.J. Cole, was a frequenter of the premises of the Defendant, Patterson Energy, within the meaning of Ohio Revised Code §§4101.10, *et seq.*

44.     At all times relevant herein, the Defendant, Patterson Energy, had a statutory duty to the Plaintiff, Howard R.J. Cole, to *inter alia* furnish and use safety devices and safeguards, and adopt and use methods and processes reasonably adequate to render his employment and place of employment safe, and to do every other thing reasonably necessary to protect the life, health, safety, and welfare of the Plaintiff.

45.     At all times relevant herein, the Defendant, Patterson Energy, actively participated in the work being performed by the Plaintiff, Howard R.J. Cole.

46.     On or about October 21, 2021, the Defendant, Patterson Energy, negligently, carelessly, and/or recklessly failed to furnish and use safety devices and safeguards, adopt and use methods and processes reasonably adequate to render the Plaintiff's employment and place of employment safe, and to do every other thing reasonably necessary to protect the life, health, safety, and welfare of the Plaintiff.

47.     The conduct of the Defendant, Patterson Energy, constitutes negligence *per se.*

48.     As a direct and proximate result of the negligent, careless, and/or reckless conduct of the Defendant, Patterson Energy, the Plaintiff, Howard R.J. Cole, sustained severe

10

and disabling personal injuries of a permanent nature, was forced to seek medical treatment and incur medical expenses, has incurred and will in the future incur pain and suffering, mental and psychological anguish, aggravation, inconvenience, lost wages and earning capacity, loss of the enjoyment of life, loss of the ability to function, and past and future medical and other expenses.

## COUNT III
### Gulfport Energy - Ohio Revised Code §§4101.10, *et seq.*

49.     The Plaintiff hereby incorporates by reference paragraphs 1 through 48 of this Complaint as if fully set forth herein.

50.     At all times relevant, the Plaintiff, Howard R.J. Cole, was a frequenter of the premises of the Defendant, Gulfport Energy, within the meaning of Ohio Revised Code §§4101.10, *et seq.*

51.     At all times relevant herein, the Defendant, Gulfport Energy, had a statutory duty to the Plaintiff, Howard R.J. Cole, to *inter alia* furnish and use safety devices and safeguards, and adopt and use methods and processes reasonably adequate to render his employment and place of employment safe, and to do every other thing reasonably necessary to protect the life, health, safety, and welfare of the Plaintiff.

52.     At all times relevant herein, the Defendant, Gulfport Energy, actively participated in the work being performed by the Plaintiff, Howard R.J. Cole.

53.     On or about October 21, 2021, the Defendant, Gulfport Energy, negligently, carelessly, and/or recklessly failed to furnish and use safety devices and safeguards, adopt and use methods and processes reasonably adequate to render the Plaintiff's employment and place of employment safe, and to do every other thing reasonably necessary to protect the life, health, safety, and welfare of the Plaintiff.

11

54.     The conduct of the Defendant, Gulfport Energy, constitutes negligence *per se*.

55.     As a direct and proximate result of the negligent, careless, and/or reckless conduct of the Defendant, Gulfport Energy, the Plaintiff, Howard R.J. Cole, sustained severe and disabling personal injuries of a permanent nature, was forced to seek medical treatment and incur medical expenses, has incurred and will in the future incur pain and suffering, mental and psychological anguish, aggravation, inconvenience, lost wages and earning capacity, loss of the enjoyment of life, loss of the ability to function, and past and future medical and other expenses.

**COUNT IV**
**Gulfport Appalachia - Ohio Revised Code §§4101.10, *et seq.***

56.     The Plaintiff hereby incorporates by reference paragraphs 1 through 55 of this Complaint as if fully set forth herein.

57.     At all times relevant, the Plaintiff, Howard R.J. Cole, was a frequenter of the premises of the Defendant, Gulfport Appalachia, within the meaning of Ohio Revised Code §§4101.10, *et seq.*

58.     At all times relevant herein, the Defendant, Gulfport Appalachia, had a statutory duty to the Plaintiff, Howard R.J. Cole, to *inter alia* furnish and use safety devices and safeguards, and adopt and use methods and processes reasonably adequate to render his employment and place of employment safe, and to do every other thing reasonably necessary to protect the life, health, safety, and welfare of the Plaintiff.

59.     At all times relevant herein, the Defendant, Gulfport Appalachia, actively participated in the work being performed by the Plaintiff, Howard R.J. Cole.

60.     On or about October 21, 2021, the Defendant, Gulfport Appalachia, negligently, carelessly, and/or recklessly failed to furnish and use safety devices and safeguards, adopt and

12

use methods and processes reasonably adequate to render the Plaintiff's employment and place of employment safe, and to do every other thing reasonably necessary to protect the life, health, safety, and welfare of the Plaintiff.

61.     The conduct of the Defendant, Gulfport Appalachia, constitutes negligence *per se*.

62.     As a direct and proximate result of the negligent, careless, and/or reckless conduct of the Defendant, Gulfport Appalachia, the Plaintiff, Howard R.J. Cole, sustained severe and disabling personal injuries of a permanent nature, was forced to seek medical treatment and incur medical expenses, has incurred and will in the future incur pain and suffering, mental and psychological anguish, aggravation, inconvenience, lost wages and earning capacity, loss of the enjoyment of life, loss of the ability to function, and past and future medical and other expenses.

## COUNT V
## Cudd – Negligence

63.     Plaintiff hereby incorporates by reference paragraphs 1 through 62 of this Complaint as if fully set forth herein.

64.     Upon information and belief, at all times relevant herein, the Defendant, Cudd, was a subcontractor employed by one or more of the Defendants, Gulfport Energy, Gulfport Appalachia, Patterson Drilling, and/or Patterson Energy, as aforesaid.

65.     Upon information and belief, on or about October 21, 2021, the Defendant, Cudd, had complete control of the operations on the well immediately preceding the incident.

66.     On or about October 21, 2021, the Defendant, Cudd, negligently, carelessly, and/or recklessly:

a. Failed to assure that I-BOP valve was open prior to directing the Plaintiff onto the well floor;

b. Failed to assure that the well was not under pressure at the time that the Plaintiff was located on the well floor;

c. Directed the Plaintiff and his co-worker to utilize an inappropriately sized mud bucket that required that the Plaintiff and his co-worker hold the mud bucket by hand while the drill was in operation;

d. Failed to assure that the well was not under pressure before directing the driller to attempt to operate the drill;

e. Negligently directed the conduct of its employees and/or subcontractors under its control; and/or

f. Otherwise engaged in conduct that breached its duty of due care to the Plaintiff and others.

67.    As a direct and proximate result of the negligent, careless, and/or reckless conduct of the Defendant, Cudd, the Plaintiff, Howard R.J. Cole, sustained severe and disabling personal injuries of a permanent nature, was forced to seek medical treatment and incur medical expenses, has incurred and will in the future incur pain and suffering, mental and psychological anguish, aggravation, inconvenience, lost wages and earning capacity, loss of the enjoyment of life, loss of the ability to function, and past and future medical and other expenses.

## COUNT VI
### Cudd - Ohio Revised Code §§4101.10, *et seq.*

68.    Plaintiff hereby incorporates by reference paragraphs 1 through 67 of this Complaint as if fully set forth herein.

14

69.     Upon information and belief, at all times relevant herein, all operations on the well were under the control of the Defendant, Cudd, such that the workplace where the Plaintiff was working on October 21, 2021, was under the control of the Defendant, Cudd.

70.     At all times relevant, the Plaintiff, Howard R.J. Cole, was a frequenter of the premises of the Defendant, Cudd, within the meaning of Ohio Revised Code §§4101.10, *et seq.*

71.     At all times relevant herein, the Defendant, Cudd, had a statutory duty to the Plaintiff, Howard R.J. Cole, to *inter alia* furnish and use safety devices and safeguards, and adopt and use methods and processes reasonably adequate to render his employment and place of employment safe, and to do every other thing reasonably necessary to protect the life, health, safety, and welfare of the Plaintiff.

72.     At all times relevant herein, the Defendant, Cudd, actively participated in the work being performed by the Plaintiff, Howard R.J. Cole.

73.     On or about October 21, 2021, the Defendant, Cudd, negligently, carelessly, and/or recklessly failed to furnish and use safety devices and safeguards, adopt and use methods and processes reasonably adequate to render the Plaintiff's employment and place of employment safe, and to do every other thing reasonably necessary to protect the life, health, safety, and welfare of the Plaintiff.

74.     The conduct of the Defendant, Cudd, constitutes negligence *per se.*

75.     As a direct and proximate result of the negligent, careless, and/or reckless conduct of the Defendant, Cudd, the Plaintiff, Howard R.J. Cole, sustained severe and disabling personal injuries of a permanent nature, was forced to seek medical treatment and incur medical expenses, has incurred and will in the future incur pain and suffering, mental

15

and psychological anguish, aggravation, inconvenience, lost wages and earning capacity, loss of the enjoyment of life, loss of the ability to function, and past and future medical and other expenses.

## COUNT VII
### NexTier – Negligence

76.     Plaintiff hereby incorporates by reference paragraphs 1 through 75 of this Complaint as if fully set forth herein.

77.     Upon information and belief, at all times relevant herein, the Defendant, NexTier, was a subcontractor employed by one or more of the Defendants, Gulfport Energy, Gulfport Appalachia, Patterson Drilling, and/or Patterson Energy, as aforesaid.

78.     Upon information and belief, on or about October 21, 2021, the Defendant, NexTier, was involved in pumping mud into the well immediately preceding the incident.

79.     On or about October 21, 2021, the Defendant, NexTier, negligently, carelessly, and/or recklessly:

a.  Failed to assure that I-BOP valve was open before the Plaintiff was directed onto the well floor;

b.  Pumped the mud into the well in such a way that pressure was built up in the well;

c.  Failed to assure that the well was not under pressure at the time that the Plaintiff was located on the well floor;

d.  Provided or allowed the Plaintiff and his co-worker to utilize an inappropriately sized mud bucket that required that the Plaintiff and his co-worker hold the mud bucket by hand while the drill was in operation;

16

   e.  Failed to assure that the well was not under pressure before the driller attempted
       to operate the drill;

   f.  Negligently directed the conduct of its employees and/or subcontractors under its
       control; and/or

   g.  Otherwise engaged in conduct that breached its duty of due care to the Plaintiff
       and others.

80.    As a direct and proximate result of the negligent, careless, and/or reckless
conduct of the Defendant, NexTier, the Plaintiff, Howard R.J. Cole, sustained severe and
disabling personal injuries of a permanent nature, was forced to seek medical treatment and
incur medical expenses, has incurred and will in the future incur pain and suffering, mental
and psychological anguish, aggravation, inconvenience, lost wages and earning capacity, loss
of the enjoyment of life, loss of the ability to function, and past and future medical and other
expenses.

## COUNT VIII
### Nine Energy – Negligence

81.    Plaintiff hereby incorporates by reference paragraphs 1 through 80 of this Complaint
as if fully set forth herein.

82.    Upon information and belief, at all times relevant herein, the Defendant, Nine
Energy, was a subcontractor employed by one or more of the Defendants, Gulfport Energy,
Gulfport Appalachia, Patterson Drilling, and/or Patterson Energy, as aforesaid.

83.    Upon information and belief, on or about October 21, 2021, the Defendant, Nine
Energy, was involved in the operations attempting to break the drill string loose immediately
preceding the incident.

17

84.     On or about October 21, 2021, the Defendant, Nine Energy, negligently, carelessly, and/or recklessly:

    a.  Failed to assure that I-BOP valve was open before the Plaintiff was directed onto the well floor;

    b.  Pumped the mud into the well in such a way that pressure was built up in the well;

    c.  Failed to assure that the well was not under pressure at the time that the Plaintiff was located on the well floor;

    d.  Provided or allowed the Plaintiff and his co-worker to utilize an inappropriately sized mud bucket that required that the Plaintiff and his co-worker hold the mud bucket by hand while the drill was in operation;

    e.  Failed to assure that the well was not under pressure before the driller attempted to operate the drill;

    f.  Negligently directed the conduct of its employees and/or subcontractors under its control; and/or

    g.  Otherwise engaged in conduct that breached its duty of due care to the Plaintiff and others.

85.     As a direct and proximate result of the negligent, careless, and/or reckless conduct of the Defendant, Nine Energy, the Plaintiff, Howard R.J. Cole, sustained severe and disabling personal injuries of a permanent nature, was forced to seek medical treatment and incur medical expenses, has incurred and will in the future incur pain and suffering, mental and psychological anguish, aggravation, inconvenience, lost wages and earning capacity, loss

of the enjoyment of life, loss of the ability to function, and past and future medical and other expenses.

**COUNT IX**
**Gulfport Energy, Gulfport Appalachia – Negligence**

86.     Plaintiff hereby incorporates by reference paragraphs 1 through 85 of this Complaint as if fully set forth herein.

87.     Upon information and belief, at all times relevant herein, the Defendants, Gulfport Energy and/or Gulfport Appalachia, were responsible for the operation and maintenance of the Well Pad and directed and/or controlled all contractors and subcontractors performing services at the Well Pad.

88.     On or about October 21, 2021, the Defendants, Gulfport Energy and/or Gulfport Appalachia, themselves and/or by and through subcontractors under their control, negligently, carelessly, and/or recklessly:

     a.  Failed to properly supervise and direct their subcontractors;

     b.  Failed to assure that I-BOP valve was open before the Plaintiff was directed onto the well floor;

     c.  Allowed mud to be pumped into the well in such a way that pressure was built up in the well;

     d.  Failed to assure that the well was not under pressure at the time that the Plaintiff was located on the well floor;

     e.  Provided or allowed the Plaintiff and his co-worker to utilize an inappropriately sized mud bucket that required that the Plaintiff and his co-worker hold the mud bucket by hand while the drill was in operation;

19

        f.    Failed to assure that the well was not under pressure before the driller attempted

to operate the drill;

        g.   Negligently directed the conduct of their employees and/or the subcontractors

under their control; and/or

        h.   Otherwise engaged in conduct that breached its duty of due care to the Plaintiff

and others

89.    As a direct and proximate result of the negligent, careless, and/or reckless conduct of the Defendants, Gulfport Energy and/or Gulfport Appalachia, the Plaintiff, Howard R.J. Cole, sustained severe and disabling personal injuries of a permanent nature, was forced to seek medical treatment and incur medical expenses, has incurred and will in the future incur pain and suffering, mental and psychological anguish, aggravation, inconvenience, lost wages and earning capacity, loss of the enjoyment of life, loss of the ability to function, and past and future medical and other expenses.

**PRAYER**

**WHEREFORE,** the Plaintiff, Howard R.J. Cole, respectfully demands judgment against the Defendants, Gulfport Energy Corporation, Gulfport Appalachia, LLC, Patterson-UTI Drilling Company LLC, Patterson-UTI Energy, Inc., Cudd Pressure Control, Inc., NexTier Oilfield Solutions Inc., and Nine Energy Service, LLC, jointly and severally, for all damages allowed under applicable law in an amount to be determined and in excess of $25,000.00, together with pre-judgment and post-judgment interest and costs, and such other relief, both general and special, as to the nature of the matter the Court deems just and proper.

**HOWARD R.J. COLE, Plaintiff**

By _____
    Counsel

Kevin M. Pearl, Esq. (OH I.D. #0074772)
FRANKOVITCH, ANETAKIS, SIMON,
DECAPIO & PEARL, LLP
337 Penco Road
Weirton, WV 26062
Tel.: (304) 723-4400
Fax: (304) 723-5892
Email: Kevin@faslaw.com

21

## INSTRUCTIONS TO THE CLERK

Please make service upon the Defendants, by certified mail, return receipt requested, at the addresses set forth in the above caption. Thank you.

Kevin M. Pearl, Esq. (OH I.D. #0074772)

22



US POSTAGE
$009.41

CY1
Clerk
Courthouse
101 West Main Street
St Clairsville, OH 43950-1264

9414 7266 9904 2192 6355 71

22 CV 0293
716039019840428014402
Gulfport Appalachia LLC
Corporation Service Company
3366 Riverside Dr Suite 103
Upper Arlington OH 43221

Legal Document

RETURN RECEIPT REQUESTED
PLEASE FORWARD

Court of Common Pleas, Belmont County, St. Clairsville, OH

SUMMONS ON COMPLAINT

Howard R Cole, 403 Virginia Avenue, Ambridge, PA 15003

Plaintiff

John A Vavra

Vs.                                                              Case No.:  22 CV 0293

Gulfport Energy Corporation Corporation Service Company 3366 Riverside Drive
Suite 103Upper Arlington OH  43221
Gulfport Appalachia LLC Corporation Service Company 3366 Riverside Drive Suite 103
Upper Arlington OH 43221
Patterson-UTI Drilling Company LLC Capitol Corporate Services Inc 4568 Mayfield Rd
Suite 204 Cleveland OH 44121
Patterson-UTI Energy Inc 10713 West Sam Houston Parkway North Suite 800
Houston TX 77064
Cudd Pressure Control Inc Corporation Service Company 50 West Broad Street Suite 1330
Columbus OH43215
Nextier Oilfield Solutions Inc 3990 Rogerdale Road Houston TX  77042
Nine Energy Service LLC  CT Corporation System 4400 Easton Commons Way Suite 125
Columbus OH 43219

Defendants

**TO THE ABOVE NAMED DEFENDANT:**
You are hereby summoned that a Complaint (a copy of which is hereto attached and made a part
hereof) has been filed against you in this Court by the Plaintiff named herein.
You are required to serve upon the Plaintiff's attorney or upon the Plaintiff if they have no
attorney of record, a copy of your Answer to the Complaint within 28 days after service of this
summons upon you, exclusive of the day of service.  Said Answer must be filed with this Court
within 3 days after served on Plaintiff's attorney.
The name and address of the Plaintiff's Attorney is as follows:

Kevin M Pearl
337 Penco Road
Weirton, WV   26062

If you fail to appear and defend, judgment by default will be taken against you for the relief
demanded in the Complaint.

CYNTHIA L. FREGIATO, CLERK
October 21, 2022

*Glena O Wagner*

Glena Wagner, Deputy Clerk

Sumcommp 4/14/2022



CYN
Clerk
Courthouse
101 West Main Street
St. Clairsville, OH 43950-1264

9414 7266 9904 2192 8355 64

22 CV 0293
71603901984042801401
Gulfport Energy Corporation
Corporation Service Company
3366 Riverside Drive Ste 103
Upper Arlington OH 43221

*Legal Document*

RETURN RECEIPT REQUESTED
**PLEASE FORWARD**